**468**

Thomas M. MANGAN, Plaintiff,

v.

Thuy Thi RUMO, Defendant.

No. CIV. 02–26–P–H.

United States District Court,
D. Maine.

July 30, 2002.

Thomas M. Mangan, Lewiston, ME, pro se.

James B. Haddow, Esq., Petruccelli, Martin & Haddow, LLP, Portland, ME, for defendant.

### ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

HORNBY, Chief Judge.

Over objection, I GRANT the plaintiff's motion to amend his complaint under Fed. R.Civ.P. 15(a) because the amendment is not futile and, under the circumstances, the delay is not "undue."

Confronted with a statute of limitations defense, the plaintiff seeks to amend his complaint to assert that he was most recently defamed on January 13, 2000, Pl.'s Mot. to Amend Compl. at 2, and to add the following language: "The Defendant left the State of Maine for extended periods in the year 2002, and sold her Maine Residence and moved to New Hampshire in the winter of 2001." *Id.* The defendant argues that the plaintiff's amendment is futile. *See* Def.'s Mem. of Law in Opp'n to Pl.'s Mot. at 3.

An amendment is not "deemed futile as long as the proposed amended com-

plaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Hatch v. Dep't for Children, Youth and Their Families,* 274 F.3d 12, 19 (1st Cir.2001) (clarifying the legal standard when discovery is not complete and no motion for summary judgment has been filed); *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir.1996).[1] Maine's statute of limitations for an action for slander is two years. 14 M.R.S.A. § 753 (1980 & Supp.2001). The statute of limitations is tolled, however, during any period the defendant "is absent from and resides out of state." 14 M.R.S.A. § 866 (1980). By asserting a defaming statement as late as January 13, 2000, the plaintiff brings his complaint, filed February 5, 2002, within twenty-four days of the statutory deadline. By alleging that the defendant moved to New Hampshire during the winter of 2001, the plaintiff has a basis for tolling the statute of limitations for a period sufficient to cover the twenty-four day gap. As a result, the amendments, if allowed, cure the deficiency raised by the defendant's statute of limitations defense so far as pleading is concerned, and thus are not futile.[2]

 The defendant also complains that the amendment is unduly late, and that as a result she has suffered unnecessary expense and delay. *See* Def.'s Mem. of Law in Opp'n to Pl.'s Mot. at 3. The Supreme Court has held that "undue delay" can justify denial of leave to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This Circuit requires that "when 'considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some "valid reason for his neglect and delay." ' " *Acosta–Mestre v. Hilton Int'l of Puerto Rico,* 156 F.3d 49, 52 (1st Cir.1998) (citations omitted). Here, the plaintiff seeks to amend his complaint about four months after the complaint was originally filed and about one month after the May 9, 2002 deadline set by the magistrate judge for amending the pleadings. With respect to the defaming statement made on January 13, 2000, the plaintiff explains that only recently did he discover that a living witness overheard the comment. *See* Pl.'s Mot. to Amend Compl. at 2. With respect to the defendant's whereabouts in 2001 and 2002, the plaintiff admits to knowing these facts when the complaint was filed. *See* Pl.'s Mem. of Law in Response to Def.'s Opp'n to Pl.'s Mot. at 2. The plaintiff's brief suggests (and the procedural history confirms) that instead of amending his complaint earlier, the plaintiff chose to address this issue in responsive pleadings to the defendant's motion for judgment on the pleadings. *Id.* This is not a situation where the plaintiff had, but failed to present, information; here, the plaintiff did present the information, but chose a procedurally faulty means to do so. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1488, at 682 (2d ed.1990). Although an earlier amendment to the complaint would have been preferable, the defendant has been on notice of the plaintiff's position, and I conclude that the circumstances do not amount to "undue delay."

Although not explicitly raised by the defendant, "undue prejudice to the opposing party" is another determinative consideration. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane § 1487, at 613–28. Here, there is no undue prejudice flowing from the amendments themselves. Whether the plaintiff can prove his case is, of course, another matter.

The plaintiff's motion to amend Counts I and II of the Complaint is **GRANTED**.

So **ORDERED**.

---

1. The defendant has filed a motion for summary judgment. However, the motion was filed after the motion to amend the complaint, *see Hatch,* 274 F.3d at 19, and in any case, does not address the defamation claims.

2. Although the plaintiff's amendment does not specifically state that the defendant was absent from Maine during the statutory period (I cannot be sure that the "extended periods" of absence in 2002 occurred during the statutory period), I find that that assertion can fairly be inferred, for pleading purposes, from the allegation that she sold her residence and moved to New Hampshire in 2001.